**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERNEST H. BAKER, III,

               Petitioner-Appellant,

v.

RICK COURSEY,

               Respondent-Appellee.

No. 15-35650

D.C. No. 2:13-cv-01612-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted October 4, 2016[**]
Portland, Oregon

Before: CLIFTON, MURGUIA, and NGUYEN, Circuit Judges.

Oregon state prisoner Ernest H. Baker, III, appeals the district court's

judgment dismissing as untimely Baker's second 28 U.S.C. § 2254 habeas petition

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

challenging his 2005 conviction, by no contest plea, for the second degree murder of his infant son. We affirm.

Baker has failed to demonstrate "actual innocence" for purposes of excusing procedural default of his habeas claims under *Schlup v. Delo*, 513 U.S. 298 (1995). To support his claim of innocence, Baker submitted evidence purportedly establishing that (1) Baker's blood was not found on the murder weapon, victim, or at the site of the murder; (2) the victim's blood was found on the clothes of the victim's mother; (3) the victim's mother made inconsistent statements regarding the events surrounding the murder; (4) in an earlier incident, the victim's mother attempted to smother the victim with a pillow; and (5) the police engaged in misconduct during the resulting homicide investigation, including coercing Baker to make incriminating statements by denying him rest, food, and water during questioning until he confessed to the murder. None of this evidence establishes that petitioner was innocent or leads us to conclude that no reasonable juror would have found him guilty. *Schlup*, 513 U.S. at 327. The evidence is consistent with the evidence presented at the plea colloquy and does not conclusively rule out Baker's participation in the murder. For example, even if we accepted as credible the statement by petitioner's sister that she saw the victim's mother put a pillow over the victim's head on some day before the murder, that suggests at most that there

2

might have been another person motivated to kill the child. It does not, however, conclusively establish that petitioner did not kill the child.

The district court did not abuse its discretion by declining to hold an evidentiary hearing on Baker's *Schlup* claims. The only potential witness that petitioner identified apart from himself was his sister, and the district court accepted the sister's statement as credible, obviating the need for an evidentiary hearing to determine witness credibility. *See Stewart v. Cate*, 757 F.3d 929, 941-42 (9th Cir. 2014).

**AFFIRMED.**